UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH MCKENZIE, individually and on behalf of
all others similarly situated,

                Plaintiffs,

v.

SCHULTE ROTH & ZABEL LLP,

                Defendant.

No. 11-CV-3991 (JCF)



[~~PROPOSED~~] ORDER GRANTING PARTIES' JOINT MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS,
APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL, AND APPROVAL OF
PROPOSED NOTICE OF SETTLEMENT AND CLASS ACTION SETTLEMENT PROCEDURE

      The above-entitled matter came before the Court on the Parties' Joint Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, Appointment of The Ottinger Firm, P.C. as Class Counsel, and Approval of the Proposed Notice of Settlement and Class Action Settlement Procedure ("Motion for Preliminary Approval").

I. **Preliminary Approval of Settlement**

      1.     Based upon the Court's review of the Memorandum of Law in Support of Plaintiff's Motion for Preliminary Approval of Settlement and the Declaration of Christopher Davis ("Davis Decl.") and the exhibits attached thereto, the Court grants preliminary approval of the settlement memorialized in the Joint Settlement and Release ("Settlement Agreement"), attached to the Davis Decl. as Exhibit B.

2. The Court concludes that the proposed Settlement Agreement is reasonable and adequate and has no obvious deficiencies, such that notice to the Class is appropriate. *See Danieli v. IBM*, No. 08 Civ. 3688, 2009 WL 6583144, at *4-5 (S.D.N.Y. Nov. 16, 2009) (granting preliminary approval where settlement "has no obvious defects" and proposed allocation plan is "rationally related to the relative strengths and weaknesses of the respective claims asserted").

3. The Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

## II. Conditional Certification of the Proposed Rule 23 Settlement Class

4. The Court provisionally certifies the following class under Fed. R. Civ. P. 23(e), for settlement purposes ("Settlement Class"):

> All persons who: (a) work or have worked at Schulte Roth & Zabel LLP ("SRZ") between June 13, 2005 and June 13, 2011, and (b) received paid compensatory time off (in lieu of cash) in a pay period other than the pay period in which it was earned.

5. Plaintiff meets all of the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3).

6. Plaintiff satisfies Fed. R. Civ. P. 23(a)(1) because there are more than 40 putative Class Members and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members").

7. Plaintiff satisfies FRCP 23(a)(2) because Plaintiff and the Class Members share common issues of fact and law, including whether they were denied overtime wages in violation of the overtime wage provisions of Article 19 of the New York Labor Law, and

2

whether SRZ is responsible for such overtime wages. *See Diaz*, 2010 WL 2945556, at *1 (FRCP 23(a)(2) satisfied where common issues included whether defendants failed to pay plaintiffs and class members overtime wages); *Clark v. Ecolab Inc.*, Nos. 07 Civ. 8623, et al., 2010 WL 1948198, at *3 (S.D.N.Y. May 11, 2010) (common issues that help to satisfy FRCP 23 commonality requirement include "whether [Defendant] failed to pay Plaintiff and the state settlement Class Members overtime premium pay for all hours they worked over 40 in a workweek").

8. Plaintiff satisfies FRCP 23(a)(3) because Plaintiff's claims for overtime pay arise from the same factual and legal circumstances that form the bases of the Class Members' claims. *See Diaz*, 2010 WL 2945556, at *2 ("Plaintiffs satisfy [FRCP] 23(a)(3) because Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the class members' claims."); *Clark*, 2009 WL 6615729, at *5 (same); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 182 (W.D.N.Y. 2005) (class members satisfied the typicality requirement where "all class members ... allege that Kodak failed to pay them ... overtime wages for hours worked in excess of forty per week during the relevant time period").

9. Plaintiff Keith McKenzie satisfies FRCP 23(a)(4) because his interests are not antagonistic or at odds with Class Members' interests. *See Diaz*, 2010 WL 2945556, at *2 (adequacy satisfied where Plaintiff's interests were not antagonistic or at odds with class members' interests); *Clark*, 2009 WL 6615729, at *5 (same); *see also Dziennik v. Sealift, Inc.*, No. 05 Civ. 4659, 2007 WL 1580080, at *6 (E.D.N.Y. May 29, 2007) ("[O]nly a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status.") (*quoting Martens v. Smith Barney Inc.*, 181 F.R.D. 243, 259 (S.D.N.Y. 1998))

3

(internal quotation marks omitted). Plaintiff's counsel meet the adequacy requirement of FRCP 23(a)(4) because they have "an established record of competent and successful prosecution of large wage and hour class actions, and the attorneys working on the case are likewise competent and experienced in the area." *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 158 (S.D.N.Y. 2008).

10.  Plaintiff also satisfies FRCP 23(b)(3). Here, Class Members allege common factual allegations and common legal theories—that they were denied overtime wages in violation of the above-mentioned federal and state laws because they received paid compensatory time off (in lieu of cash) in a pay period other than the pay period in which it was earned, and that SRZ is responsible for such overtime wages, and whether SRZ is responsible for such overtime wages—that predominate over any factual or legal variations among class members. *See Clark*, 2009 WL 6615729, at *5 (common factual allegations and common legal theory predominate over factual and legal variations among class members in wage and hour misclassification case); *Torres v. Gristede's Corp.*, No. 04 Civ. 3316, 2006 WL 2819730 (S.D.N.Y. Sept. 29, 2006), at *16 (plaintiffs "introduced sufficient proof that Defendants engaged in a common practice to deny employees overtime pay," and "this issue predominates over any individual calculations of overtime wages"). Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for Class Members, particularly those who lack the resources to bring their claims individually. *See Damassia*, 250 F.R.D. at 161, 164.

### III.  Conditional Certification of the Settlement Class Under the FLSA

11.  The Court also provisionally certifies the Class for purposes of the FLSA.

4

12. Section 216(b) of the FLSA provides that plaintiffs must be "similarly situated" in order to pursue an FLSA collective action. See 29 U.S.C. § 216(b).

13. The Court finds that Plaintiff Keith McKenzie is "similarly situated" to the Class Members for purposes of the settlement of the FLSA claims.

14. For the reasons set forth above (in the discussion regarding the propriety of certifying a class under FRCP 23), the Court has ample basis to certify the Class under the FLSA for the purposes of this settlement.

## IV. Appointment of Plaintiff's Counsel as Class Counsel

15. The Court appoints The Ottinger Firm, P.C. as counsel for the Class ("Class Counsel") because they meet all of the requirements of Fed. R. Civ. P. 23(g). *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, ... counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, ... counsel's knowledge of the applicable law, and ... the resources counsel will commit to representing the class") (internal quotation marks omitted).

16. Class Counsel did substantial work identifying, investigating, and settling Plaintiff's and the Class Members' claims, have years of experience prosecuting and settling wage and hour class actions, and are well-versed in wage and hour law and in class action law.

17. The work that The Ottinger Firm, P.C. has performed both in litigating and settling this case demonstrates their commitment to the Class and to representing the Class's interests.

## V. Class Notice

18.  The Court approves the Proposed Notice of Settlement of Class Action Lawsuit and Fairness Hearing (the "Notice"), which is attached as Exhibit A to the Settlement Agreement, and directs its distribution to the Class.

19.  The content of the Notice fully complies with due process and Fed. R. Civ. P. 23.

20.  Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

21.  The Notice satisfies each of these requirements and adequately puts Class Members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.,* 150 F.R.D. 46, 52 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally").

22.  The Notice describes the terms of the settlement, informs the Class about the allocation of attorneys' fees and costs, and provides specific information regarding the date, time, and place of the final approval hearing.

## VI. Class Action Settlement Procedure

23.  The Court hereby sets the following settlement procedure:

    A. Within 5 days of the date of this Order, Defendant shall compile, and provide to Class Counsel in electronic form, a list of the names, last known

addresses, telephone numbers, and dates of employment of all Class Members (the "Class List");

B. Defendant shall mail the Notice to Class Members within 5 days of compiling the Class List;

C. Class Members will have 30 days from the date the Notice is mailed to opt out of the settlement or object to it ("Notice Period");

D. The Parties will file a Joint Motion for Final Approval of Settlement within 10 days of the fairness hearing;

E. The Court will hold a final fairness hearing on August 1, 2012 at 10:00 a.m. at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, Courtroom 18D;

F. If the Court grants Plaintiff's Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be 30 days after the Court enters its Final Order and Judgment;

G. If rehearing, reconsideration or appellate review is sought, the "Effective Date" shall be after any and all avenues of rehearing, reconsideration or appellate review have been exhausted and no further rehearing, reconsideration or appellate review is permitted, and the time for seeking such review has expired;

H. Defendant will disburse settlement checks to the Class Members, Class Counsel's attorneys' fees and expenses to Class Counsel, and the Service Award to the Named Plaintiff within 15 days of the Effective Date; and

I. The parties shall abide by all other terms of the Settlement Agreement.

It is so ORDERED this 14th day of May, 2012.

_____
The Honorable James C. Francis
United States Magistrate Judge

7